# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-099V
UNPUBLISHED

| | |
|---|---|
| HANNAH GAMMONS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 1, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Meningococcal Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*John Robert Howie*, Howie Law, PC, Dallas, TX, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 5, 2021, a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), was filed on behalf of Hannah Gammons, who was at the time a minor. Upon reaching the age of majority, this case was ordered re-captioned to reflect Hannah Gammons as the sole petitioner. ECF No. 26.

Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a meningococcal vaccine that was administered to her on November 2, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 1, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 31, 2022, Respondent filed a combined Rule 4 report/proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $46,561.40 (comprised of $45,000.00 for pain and suffering and $1,561.40 for past unreimbursed expenses). Rule 4/Proffer at 4. In the Rule 4/Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4/Proffer.

Pursuant to the terms stated in the Rule4/Proffer, **I award Petitioner a lump sum payment of $46,561.40 (comprised of $45,000.00 for pain and suffering an $1,561.40 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.